IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LORENZO J. THIGPEN, et al. | ) | CASE NO. 1:10CV2790 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| BOB REID, et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiffs *pro se* Lorenzo J. Thigpen, Donte Booker and Terry Crim, confined in the Cuyahoga County, Ohio Jail, filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Bob Reid, Cuyahoga County Sheriff, Warden Ivey and the Cuyahoga County Jail. They allege that the jail temperature is 35 degrees and so cold that people walk around wrapped in blankets. Their hands and feet are cold to the point that they cannot feel them. Plaintiff Thigpen asserts that it affects his arthritis; Plaintiff Booker states that he has a back problem, and he had to stay off his feet for a week because of the cold; and Plaintiff Crim complains of pain in his shoulder, knee, foot and hands due to the cold. They request damages in the amount of $21,000,000.00.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing

that federal question jurisdiction is divested by unsubstantial claims).

Plaintiffs have sued the Cuyahoga County Jail. In order to state a claim under § 1983, they must show that the alleged violations were committed by a person acting under color of state law. *Swiecicki v. Delgado*, 463 F.3d 489, 495 (6th Cir. 2006), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007). A jail is a building wherein prisoners are held and is not a suable entity. *Johnson v. Blackwelder*, 2009 WL 1392596 * 4 (E.D.Tenn., May 15, 2009); *Coffey v. Miami County Jail*, 2007 WL 316262 * 2 (S.D. Ohio, Jan 29, 2007).

A sheriff or other county official acts on behalf of the entity he represents. *Newman v. Evans*. 2009 WL 814616 * 5 (E.D.Mich., Mar. 27, 2009). Thus, when sued in his official capacity under section 1983, the suit is actually against the county. *Monell v. Department of Social Services of City of Mew York.,* 436 U.S. 658, 690 n. 55 (1978). "Official-capacity suits ... 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.' " *Kentucky v. Graham,* 473 U.S. 159, 166 (1985) (quoting *Monell,* 436 U.S. at 691 n. 55 (1978)). *Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009). In such case, a plaintiff must show that the alleged violation of his or her constitutional rights resulted from acts representing official policy or custom adopted by the city. *Monell,* 436 U.S. at 690-91; *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1245-46 (6th Cir. 1989); *Moore v. Chattanooga Police Dept*., 2008 WL 3896114 * 5 (E.D. Tenn., Aug. 19, 2008). Plaintiffs have not alleged a violation of any custom or policy.

There are no allegations against Sheriff Reid or Warden Ivey. The Sixth Circuit held in *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982), that a supervisor must have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. Also, a failure to supervise, control or train an individual is not actionable "unless the supervisor 'either

encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). A defendant cannot be held liable under § 1983 based on the theory of *respondeat superior*. *Browning v. Pennerton*, 633 F. Supp.2nd 415, 431 (E.D. Ky., 2009). Therefore, Sheriff Reid and Warden Ivey must be dismissed as party Defendants.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**


Date:  01/24/2011                              **S/Christopher A. Boyko**
                                                                JUDGE  CHRISTOPHER  A.  BOYKO
                                                                UNITED STATES DISTRICT JUDGE